UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     HUE HUU TRAN | ) | Case No. 07-12512-SSM |
| | ) | Chapter 7 |
|                     Debtor | ) | |
| | ) | |
| SUNTRUST BANK | ) | |
| | ) | |
|                     Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HUE HUU TRAN *et al.* | ) | |
| | ) | |
|                     Respondents | ) | |

**MEMORANDUM OPINION**

A hearing was held on November 21, 2007, on the motion of SunTrust Bank for relief from the automatic stay in order to enforce a security interest in a 2003 Ford Focus automobile. Although the debtor filed a response opposing the motion on the ground that he was current in his payments on the installment sales contract, no appearance was made on his behalf at the hearing.[1] SunTrust does not dispute that the payments are current. But because the debtor has neither redeemed the collateral nor offered to enter into a reaffirmation agreement with the

---

[1] Failure of debtor's counsel to appear at the hearing was a violation of Local Bankruptcy Rule 2090-1(H), which requires that an attorney who is counsel of record for a debtor "must be present and appear at all Court proceedings involved in the case unless excused or given permission to withdraw, or unless counsel has filed a pleading stating that the debtor has no objection to, or does not oppose, the relief requested, or counsel has endorsed without objection an order resolving the motion, objection, or application." By separate order, the court will set a show cause hearing why counsel should not be sanctioned for failure to appear.

secured creditor on the original contract terms, the court reluctantly concludes that the changes made to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 ("BAPCPA") requires that the creditor be granted relief from the stay even though the payments are not in default.

## Background

.    The debtor is a retiree whose sole income is Social Security.  He filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on September 12, 2007.  Among the debts listed on his schedules was $1,876.46 owed to SunTrust Bank for an automobile loan secured by 2003 Ford Focus automobile that the debtor valued at $6,050.00.  With the petition, the debtor filed a Chapter 7 Individual Debtor's Statement of Intention stating, "Debtor will retain collateral and continue to make regular payments."  The meeting of creditors was held on October 22, 2007, and the trustee filed a report of no distribution on October 31, 2007.

The present motion for relief from the automatic stay was filed on November 2, 2007.  It does not assert that payments are in default but does assert that the statement of intent, although timely filed, fails to comply with the relevant provisions of the Bankruptcy Code, because it does not specify that the debtor will either redeem the collateral or reaffirm the debt.  Attached to the motion is a copy of the retail installment contract reflecting that the debtor and one Tri Huu Tran purchased the vehicle new from Koons Ford in Falls Church, Virginia, on March 9, 2003, for $15,574.00, with payments being due in the amount of $274.95 per month for 60 months beginning April 8, 2003.  Among the provisions on the reverse of the contract is the following:

**3.  IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
* * *

      b.    **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once.  Default means:
- You pay any payment (plus any late charges) more than 10 days late or not at all;
- *You start a proceeding in bankruptcy* or one is started against you or your property; or
- You break any agreements in this contract.

* * *

      **d.**    **We may take the vehicle from you**. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it.

(emphasis added).  In his response, the debtor asserts that payments are current; that the contract "contains no provision wherein the filing for relief in bankruptcy constitutes a default;" and that the debtor has claimed his equity in the car as exempt.

Discussion

Prior to the amendments made by BAPCPA, the law in this Circuit was well-established that a debtor who was current on his or her payments on a secured obligation was not required to redeem the collateral or reaffirm the debt as a condition of retaining the collateral but could simply continue to make the contractual payments. *Riggs Nat'l Bank v. Perry*, 729 F.2d 982 (4th Cir. 1984) (holding that default-on-bankruptcy-filing clause was unenforceable and that secured creditor was not entitled to relief from stay where debtor continued to make required payments); *Home Owners Funding Corp. of America v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir. 1992) (holding that chapter 7 debtors who were current in their payments on mobile home could retain collateral without  redeeming or reaffirming).  Several provisions of BAPCPA, however, largely eliminate what has been dubbed the "ride through" or "retain-and-pay" option.[2]

---

[2] An important exception that has been recognized in this district is when the debtor attempts to
(continued...)

3

Specifically, the debtor in a chapter 7 case is not permitted to "retain possession" of personal property as to which a creditor has a purchase money security interest unless, not later than 45 days after the meeting of creditors, the debtor either enters into a reaffirmation agreement with the creditor or redeems the property from the security interest. § 521(a)(6), Bankruptcy Code. Indeed, if the debtor fails to take one or the other of the specified actions, "the automatic stay under section 362(a) is terminated with respect to the ... property ..., such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law" unless the trustee makes an affirmative showing that the property is of consequential value or benefit to the estate. Additionally, if the debtor fails to reaffirm or redeem within the required period, "nothing in this title shall prevent or limit the operation of a provision in the underlying . . . agreement that has the effect of placing the debtor in default under such . . . agreement by reason of the occurrence, pendency or existence of a proceeding under this title." § 521(d), Bankruptcy Code. A separate amendment made by BAPCPA provides that in an individual case the automatic stay terminates with respect to personal property of the estate or of the debtor securing a claim if the debtor fails:

> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property *or to indicate in such statement* that the debtor will either surrender such personal property or retain it and, *if retaining such personal property, either redeem* such personal property pursuant to section 722 [or] *enter into an agreement* of the kind specified in section 524(c) applicable to the debt secured by such personal property . . . ; *and*

---

[2](...continued)
reaffirm the debt, but the court disapproves the reaffirmation agreement. *In re Husain*, 364 B.R. 211 (Bankr. E.D. Va. 2007) (stating that court's refusal to approve the agreement was not a failure under § 521(d) to comply with the agreement, and default-on-bankruptcy clause in underlying contract remained unenforceable.)

>    (B) to timely take the action specified in such statement, *as it may be amended before the expiration of the period for taking action*, unless such statement specified the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

§ 362(h)(1), Bankruptcy Code (emphasis added). The statement of intention is required to be filed within 30 days after the filing of the petition or before the meeting of creditors, whichever is earlier, and the debtor is required to "perform" the intention within 30 days after the meeting of creditors. § 521(a)(2)(A) and (B), Bankruptcy Code.

A plain reading of Section 362(h)(1) does not entitle the creditor to relief from the stay simply because the debtor's statement of intention does not specify either redemption or reaffirmation, since the conditions for termination of the stay are stated in the conjunctive ("and").[3] Only if the debtor also fails to "take" one of the required actions within the 30-day period following the meeting of creditors does the stay terminate. The inclusion of the qualifying words "as it [i.e., the statement of intention] *may be amended before the expiration of the period for taking action*" plainly signifies that the intent expressed in the debtor's statement of intention is not carved in stone but can be amended up until 30 days after the meeting of creditors. Thus, the automatic stay does not terminate simply because a debtor files a "retain-and-pay" statement of intent but only if the debtor fails, within 30 days after the meeting of creditors, to amend the statement to provide for reaffirmation or redemption and to "take" the specified action.

---

[3] On this point, the court disagrees with the analysis of *In re Craker*, 337 B.R. 549 (Bankr. M.D. N.C. 2006), which held that when the debtor filed a statement of intention with respect to a motor vehicle but did not select redemption, surrender, or reaffirmation, the automatic stay terminated 30 days after petition was filed.

In the present case, more than 30 days have passed since the meeting of creditors, and there is no assertion by the debtor that he has either redeemed the collateral or reaffirmed the debt. Under the plain language of § 362(h), the automatic stay has terminated with respect to the automobile, and SunTrust is entitled to an order recognizing that the automatic stay is no longer in effect.[4] There is of course the ambiguity that § 521(a)(6) appears to give the debtor a 45-day, rather than 30-day, period following the meeting of creditors in which to redeem or reaffirm.[5] More able minds than mine will have to resolve that inconsistency in a case in which the difference in compliance periods may make a difference. Suffice it to observe that the debtor here makes no assertion that he intends to redeem or reaffirm within the additional 15 day window.

One additional observation is perhaps appropriate. In granting the motion, the court is simply terminating the automatic stay and expressly makes no ruling as to whether SunTrust is entitled under the terms of its contract and applicable Virginia law to repossess a vehicle—when payments are current, only four payments remain due, and the value of the collateral comfortably exceeds the balance due—solely because one of the co-owners filed a bankruptcy petition.[6] Accordingly, the debtor remains free, notwithstanding the termination of the automatic stay, to challenge any repossession of the automobile in state court.

---

[4] The fact that the debtor has claimed his equity in the car as exempt does not change the analysis, since exempt property remains subject after the case is concluded to liens that have not been avoided. § 522(c)(2), Bankruptcy Code.

[5] The 45-day period will expire December 6, 2007.

[6] Indeed, exactly why SunTrust felt compelled to seek relief from the automatic stay in this specific case is a mystery.

A separate order will entered consistent with this opinion.

Date: _____       _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Melvin R. Zimm, Esquire
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, VA  23510
Counsel for the movant

James M. Collins, Esquire
6600 Tenth St., A-2
Alexandria, VA  22307
Co-counsel for the movant

Mark Christian Orndorff, Esquire
M. Christian Orndorff, P.C.
6059-C Arlington Blvd.
Falls Church, VA 22044
Counsel for the debtor

Hue Huu Tran
9156 Ciri Lake Lane
Fort Belvoir, VA 22060-7425
Debtor

H. Jason Gold, Esquire
Wiley Rein & Fielding LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22101
Chapter 7 trustee